IN THE  UNITED  STATES  DISTRICT  COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDGARDO  GARCIA  FONTANEZ          :
403 North 7th Street                :
Allentown, PA 18102                 :
                                    :
     vs.                            :
                                    :
CITY OF ALLENTOWN                   :   Civil Action No.
City Hall                           :
435 Hamilton Street                 :   15-cv-03412-JFL
Allentown, PA 18101                 :
     and                            :
POLICE OFFICER RYAN THOMAS MURRAY   :
BADGE NUMBER 22                     :   JURY TRIAL DEMANDED
Individually and as a police officer :
for the Allentown Police Department :
425 Hamilton Street                 :
Allentown, PA 18101                 :
     and                            :
POLICE OFFICER BRIAN MOORE          :
BADGE NUMBER                        :
Individually and as a police officer :
for the Allentown Police Department :
425 Hamilton Street                 :
Allentown, PA 18101                 :
     and                            :
POLICE OFFICER JORDAN SMITH         :
BADGE NUMBER                        :
Individually and as a police officer :
for the Allentown Police Department :
425 Hamilton Street                 :
Allentown, PA 18101                 :   Attorney ID # 26718

## AMENDED COMPLAINT

### Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. § 1983.

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4)

and the aforementioned statutory provision.   Plaintiff further

invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2.   Plaintiff, Edgardo Garcia Fontanez, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was present in Allentown, Pennsylvania.

3.   Defendant, City of Allentown, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Allentown Police Department which employs Defendant, Police Officer Ryan Thomas Murray, Police Officer Brian Moore and Police Officer Jordan Smith.

4.   Defendant, Police Officer Ryan Thomas Murray, Badge Number 22, is a police officer for the Allentown Police Department acting under color of state law.  He is being sued in his individual and official capacity.

5.   Defendant, Police Officer Brian Moore, is a police officer for the Allentown Police Department acting under color of state law.  He is being sued in his individual and official capacity.

6.   Defendant, Police Officer Jordan Smith, is a police officer for the Allentown Police Department acting under color of state law.  He is being sued in his individual and official capacity.

7.   At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Edgardo Garcia Fontanez of his constitutional and statutory rights.

2

### Factual Allegations

8. On January 17, 2014 at approximately 6:15 p.m. Plaintiff Edgardo Garcia Fontanez was riding his bicycle at or near the 500 block of 7th Street, in the City of Allentown.

9. As he was riding his bicycle, he heard someone yelling "stop." Plaintiff was not aware that the individual who had yelled stop was Defendant Police Officer Ryan Murray and/or Defendant Police Officer Brian Moore and/or Defendant Police Officer Jordan Smith. Further he did not know that the Defendant police officers were asking him to stop. As a result, Plaintiff continued to ride his bicycle in the 500 block of 7th Street.

10. As Plaintiff continued to ride his bicycle in the 500 block of 7th Street, he suddenly felt the excruciating pain of being shocked by a Taser device. More specifically, without warning, Defendant Officer Murray and/or Defendant Officer Moore and/or Defendant Officer Smith had fired a Taser device in probe mode at the Plaintiff. The Taser barbs made contact with the Plaintiff causing the Plaintiff to feel excruciating pain as well as causing him to lose control of his muscles. As a result of losing control of his muscles, the Plaintiff lost his ability to control his bicycle and as a result the Plaintiff and the bike crashed to the ground.

11. After Plaintiff had crashed to the ground, he was subjected to a second electrical shock from the Taser device again

3

causing him excruciating pain.

12.   Within a few seconds after being subjected to the second Taser shock, Plaintiff was suddenly grabbed by Defendant Officer Ryan Murray and/or Defendant Officer Brian Moore and/or Defendant Officer Jordan Smith.   The three Defendant police officers then began punching Plaintiff in the head, face and body knocking him unconscious.

13.   When Plaintiff regained consciousness, he was handcuffed. He was lifted up off the ground by the Defendant police officers and searched.

14.   As a result of the beating he received at the hands of Defendant Officer Ryan Murray and/or Defendant Officer Brian Moore and/or Defendant Officer Jordan Smith, Plaintiff had obvious severe injuries to his head, scalp and face and was bleeding profusely. Therefore, he was taken by ambulance to Sacred Heart Hospital where he received medical treatment including ten (10) sutures to close the wound to his forehead.

15.   At no time during any portion of his encounter with the Defendant police officers did Plaintiff engage in any behavior which could have been considered as threatening to either the Defendant police officers or to anyone else.

16.   At no time during any portion of his encounter with the Defendant police officers did Plaintiff engage in any conduct to resist the officers attempts to seize him and/or take him into

4

custody.

17. Upon information and belief, the Taser device which was used against the Plaintiff by Defendant Police Officer Ryan Murray and/or Defendant Police Officer Brian Moore and/or Defendant Police Officer Jordan Smith was an X26 Model manufactured by Taser International of Scottsdale, Arizona.

18. Since 2009 Taser International has warned law enforcement agencies such as the City of Allentown's police department that the use of the Taser devise renders the subject of the use temporarily unable to control their movements and may cause a fall.

19. Upon information and belief, the City of Allentown Police Department, which at all times relevant hereto employed Defendant Officer Ryan Murray and Defendant Officer Brian Moore and Defendant Officer Jordan Smith, had received warnings from Taser International that the loss of muscle control mentioned in the preceding paragraph would cause a risk of death or serious injury. Furthermore, Taser International warned the City of Allentown Police Department that at a high risk of death or serious injury from a Taser shock is a person who is running, in motion, or moving under momentum; and/or is operating or riding in or on any mode of transportation such as a vehicle or bicycle.

20. Despite the fact that the City of Allentown Police Department received the above mentioned warnings in the year 2009, with deliberate indifference and malice, Defendant City of

Allentown failed to warn police officers including Defendant Officer Ryan Murray, Defendant Officer Brian Moore and Defendant Officer Jordan Smith of the serious risks of using a Taser device on an individual who is riding a bicycle.

21.   In the alternative, Defendant Officer Ryan Murray and/or Defendant Officer Brian Moore and/or Defendant Officer Jordan Smith did receive training that the use of a Taser device on an individual riding a bicycle could result in death or serious injury.   Yet nether the less, with malice and deliberate indifference to Plaintiff's rights and physical welfare, Defendant officers deployed the Taser against Plaintiff while he was riding his bicycle.   Upon information and belief, the use of Tasers by police officers employed by the City of Allentown is a regular and common occurrence and the Defendant City of Allentown is aware that the failure to train their officers in the proper use of the Taser will certainly result in the violation of the constitutional rights of the citizens of the City of Allentown.

22.   The unlawful and unreasonable use of force in this case were the direct result of Defendants' pattern, practice, and custom of subjecting citizens such as Edgardo Garcia Fontanez to unreasonable and excessive force in the absence of any legitimate purpose.

23.   The conduct of Defendant Police Officer Ryan Murray and/or Defendant Police Officer Brian Moore and/or Defendant Police

Officer Jordan Smith was done maliciously, wantonly, recklessly and
with an intent to injure the Plaintiff and with an intent to
violate his constitutional, statutory and other rights. More
specifically, the actions of Defendant Police Officer Ryan Murray
and/or Defendant Police Officer Brian Moore and/or Defendant Police
Officer Jordan Smith violated Plaintiff's rights guaranteed by the
Fourth Amendment of the United States Constitution.

24.   As a direct and proximate result of the actions of
Defendant Police Officer Ryan Murray and/or Defendant Police
Officer Brian Moore and/or Defendant Police Officer Jordan Smith,
Plaintiff Edgardo Garcia Fontanez suffered and continues to suffer
physical and psychological harm, pain and suffering, some or all of
which may be permanent as well as financial losses.

25.   Defendant Police Officer Ryan Murray and/or Defendant
Police Officer Brian Moore and/or Defendant Police Officer Jordan
Smith engaged in the aforesaid conduct for the purpose of violating
Plaintiff Edgardo Garcia Fontanez's constitutional rights by
subjecting him to unreasonable force, the excessive use of force,
assault and battery, and intentional infliction of emotional
distress.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

26.   Plaintiff incorporates by reference paragraphs 1 through
25 of the instant Complaint.

27.   As a direct and proximate result of all Defendants City of

7

Allentown, Officer Ryan Thomas Murray and/or Officer Brian Moore and/or Officer Jordan Smith's conduct, committed under color of state law, Plaintiff Edgardo Garcia Fontanez was deprived of his right to be free from unreasonable force, the excessive use of force, and to be secure in his person and property. As a result, Plaintiff Edgardo Garcia Fontanez suffered and continues to suffer harm in violation of his rights under the laws of the Constitution of the United States, in particular the Fourth Amendment thereof, and 42 U.S.C. § 1983.

28. As a direct and proximate result of the acts of all Defendants, Plaintiff Edgardo Garcia Fontanez sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

29. Defendant City of Allentown has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The use of unreasonable force, the excessive use of force, infliction of emotional distress, and assault and battery by police officer;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, infliction of emotional

8

distress, assault and battery, and violation of
citizens' free speech rights, particularly in
connection with perceived challenges to police
authority;

c.  The monitoring of officers whom it knew or should
have known were suffering from emotional and/or
psychological problems that impaired their ability to
function as officers;

d.  The failure to identify and take remedial or
disciplinary action against police officers who
were the subject of prior civilian or internal
complaints of misconduct;

e.  Police officers' use of their status as police
officers to employ the use of unreasonable force,
excessive force, intentional infliction of emotional
distress, assault and battery, or to achieve ends not
reasonably related to the police duties;

f.  Police officers' use of the authority and power
of their office for personal ends and to
intimidate, coerce, and threaten citizens; and

g.  The failure of police officers to follow
established policies, procedures, directives,
and instructions regarding the use of force and
arrest powers under such circumstances as

9

presented herein;

    h.   Providing proper instruction and training to City of Allentown police officers with regards to the use of Taser conducted energy weapons;

    i.   Failing to establish proper policies, procedures, directives and instructions regarding the use of Taser conducted energy weapons.

    30.   The Defendant City of Allentown has failed to properly sanction or discipline officers, who were aware of and conceal or aid and abet violations of constitutional rights of citizens by other City of Allentown police officers, thereby causing and encouraging City of Allentown police officers, including the Defendant Officer Murray and/or Defendant Officer Moore and/or Defendant Officer Smith in this case, to violate the rights of citizens such as Edgardo Garcia Fontanez.

    31.   Defendants have by the above described actions deprived Plaintiff Edgardo Garcia Fontanez of rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

    32.   Plaintiff incorporates by reference paragraphs 1 through 31 of the instant Complaint.

    33.   The acts and conduct of Defendants Murray and/or Moore and/or Smith in this cause of action constitute assault, battery,

and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

        a.   Compensatory damages;

        b.   Punitive damages;

        c.   Reasonable attorney's fees and costs;

        d.   Such other and further relief as appears reasonable and just; and

        e.   A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
            Patrick G. Geckle
            Attorney ID No.: 26718
            PATRICK G. GECKLE, LLC
            Two Penn Center, Ste. 1850
            1500 John F. Kennedy Blvd.
            Philadelphia, PA 19102
            (215) 735-3326 - phone
            (215) 567-1998 - fax
            E-Mail: pgeckle@pgglaw.com

            Counsel for Plaintiff